MEMORANDUM **
In these consolidated petitions for review, Edwin Rolando Perez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s decision denying his application for cancellation of removal, and the BIA’s order denying his motion to reopen. Out jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, including due process violations, Vasquez-Zavala v. Ashcroft, 324 F.3d 1105, 1107 (9th Cir.2003), and review for abuse of discretion the denial of a motion to reopen, Perez v. Mukasey, 516 F.3d 770, 773 (9th Cir.2008). In No. OS-74292, we dismiss in part and deny in part the petition for review. In No. 07-70817, we deny the petition for review.
We lack jurisdiction to review the agency’s discretionary determination that Perez failed to show exceptional and extremely unusual hardship to a qualifying relative. See Martinez-Rosas v. Gonzales, 424 F.3d 926, 930 (9th Cir.2005).
Contrary to Perez’s contentions, the agency’s application of the hardship standard falls within the broad range authorized by the statute. See Ramirez-Perez v. Ashcroft, 336 F.3d 1001, 1004 (9th Cir.2003). Petitioner’s claim that the agency violated due process by failing to follow precedent is unsupported by the record. See Martinez-Rosas, 424 F.3d at 930.
The BIA did not abuse its discretion in denying Perez’s motion to reopen where the new evidence he presented with his motion to reopen did not support prima facie eligibility for cancellation of removal. See Fernandez v. Gonzales, 439 F.3d 592, 600 (9th Cir.2006).
We agree with the agency that Perez failed to show he was prejudiced by his former counsel’s performance. See Lara-Torres v. Ashcroft, 383 F.3d 968, 973 (9th Cir.2004), amended by 404 F.3d 1105 (9th Cir.2005) (order) (to prevail on an ineffective assistance of counsel claim, petitioner must demonstrate prejudice).
IN 06-74292, PETITION FOR REVIEW DISMISSED in part; DENIED in part.
*816 IN 07-70817, PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.